UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
JEMMA APPAREL HOLDINGS, LLC &
SCOPE IMPORTS, INC.,

                          Plaintiffs,

         -against-                        **COMPLAINT**

EGYPTIAN CANADIAN CO. and HGM
FASHION,

                          Defendants,
---------------------------------------------------------

      Plaintiffs, Jemma Apparel Holdings, LLC and Scope Imports, Inc. (collectively "Plaintiffs"), by and through their attorneys, Gulko Schwed LLP, as and for their complaint against defendants, Egyptian Canadian Co. and HGM Fashion (collectively "Defendants"), hereby allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jemma Apparel Holdings, LLC ("Jemma") is a limited liability company operating and existing the laws of the State of Delaware.

2. Plaintiff Scope Imports, Inc. ("Scope") is a corporation duly formed and currently existing under the laws of the State of Texas.

3. On information and belief, defendant Egyptian Canadian Co. is located in Giza, Egypt.

4. On information and belief, defendant HGM Fashion is located in Giza, Egypt.

5. The Court has jurisdiction over this matter and these parties pursuant to 28 U.S.C. 1332 (a) as the amount in controversy exceeds $75,000.00 and there is diversity between the parties.

6. Venue is proper pursuant to 28 U.S.C. 1391 because Plaintiff Jemma is located within this district and because a substantial part of the transactions giving rise to Plaintiffs' claims occurred in this judicial district.

## **RELEVANT FACTUAL BACKGROUND**

7. Plaintiff is in the import and clothing business.

8. Defendants supplied Plaintiffs with clothing and garment products.

9. Towards the end of the parties' business relationship, Mr. Howard Roney, the president of Jemma sent Mr. Hamada Hasan, a principal of Defendants, a letter delineating the many ways that Defendants have damaged Plaintiffs, including but not limited to, the goods being shipped late, poor quality of goods, thus resulting in numerous and substantial chargebacks.

10. Defendants represented to Plaintiffs that they would take certain precautionary measures, such as hiring new quality control personnel, to prevent future issues with their products.

11. Plaintiffs relied on these representations, made a Payment (defined below) to Defendants, and engaged in further business dealings.

12. On August 2, 2016, Plaintiffs emailed Mr. Hamada Hasan, and informed him that thus far Plaintiffs have paid him $363,381.42, the balance due was $218,264.56 and they (Plaintiffs) were deducting $143,264.56 to offset the poor quality and shipping issues. The balance due was $75,000 and upon confirmation payment would be made.

13. The Parties agreed that Plaintiffs would pay Defendants an amount of $75,000.00 ("Payment") to resolve all outstanding claims and as full global settlement. *See* Wire Receipt annexed hereto as **Exhibit A**.

14. Mr. Hamada Hassan responded to that email "[H]ope we can get this 75k today".

15. On August 3, 2016, Plaintiffs wired a payment of $75,000 to Defendants. *See* Wire Receipt annexed hereto as **Exhibit A**.

16. Almost immediately after Defendants received payment, Defendants stopped doing new business with Defendants.

17. On or around March 27, 2018, Defendants commenced an action against Plaintiffs and omits any reference to the settlement or payment by Plaintiffs.

18. Plaintiffs had believed the disputes made subject of Defendants' complaint had been resolved when Plaintiffs issued the Payment to Defendants.

19. Therefore, in light of the foregoing, Plaintiffs seeks damages from Plaintiffs in connection with the foregoing and following claims:

## FIRST CAUSE OF ACTION
- Breach of Settlement/Contract –

20. Plaintiffs repeat and re-allege the foregoing allegations as if fully stated herein.

21. On or around August 2, 2016, the parties agreed that in exchange for a payment of $75,000 by Plaintiffs, Defendants would release Plaintiffs from any monies owed by them to Defendants.

22. Moreover, Defendants made promises, both orally and in writing that they would implement certain measures to rectify the issues they had in the past.

23. Plaintiffs paid Defendants $75,000.00.

24. Defendants accepted the foregoing monies without protest.

25. Defendants failed to implement any measures they promised to put in place.

26. Defendants now reneged on their agreement, by *interalia* initiating a meritless legal action, thus causing further significant damages in legal fees and costs.

27. As a result of the foregoing breach, Plaintiffs have been damaged.

## SECOND CAUSE OF ACTION
- Fraudulent/Negligent Representations –
(Plead in the Alternative)

28. Plaintiffs repeat and re-allege the foregoing allegations as if fully stated herein.

29. The parties herein have been engaged in business dealings for several years.

30. In August 2016, a dispute arose between the parties.

31. Plaintiffs sent notice to Defendants that it suffered significant losses due to Defendants' conduct, but it would continue to do business with Defendants based on certain representations made by Mr. Hamada Hassan, including: (a) Defendants would implement new quality control measures for new business going forward; and (b) Defendants would release Plaintiffs from any monies owed upon payment of $75,000.00.

32. Defendants agreed in writing to the foregoing.

33. Plaintiffs relied on the foregoing representations and on or about August 3, 2016, Plaintiffs wired the amount of $75,000 to Defendants.

34. After receiving the $75,000 payment from Plaintiffs, Defendants ceased doing any new business with Plaintiffs.

35. Defendants induced Plaintiffs into making a payment, but never intended to do any further business, despite assurances to the contrary.

36. Moreover, Defendants induced Plaintiff into making the Payment and then after receipt of same, commenced an action despite the assurance that this matter was settled.

37. Had Plaintiff knew that Defendants intended to cease doing business with them or that Defendants would have commenced an action, Plaintiffs would not have made the Payment.

38. Defendants commenced an action against Plaintiffs and omitted any reference to the settlement or payment by Plaintiffs despite receiving a payment as full global settlement.

39. Plaintiffs relied on Defendants representations to its detriment and suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
-Wire Fraud-

40. Plaintiffs repeat and re-allege the foregoing allegations as if fully stated herein.

41. As described herein, Defendants engaged in a scheme or artifice to defraud Plaintiffs with the intent and effect of causing economic loss on part of Plaintiffs.

42. In furtherance of their scheme, Defendants transmitted or caused to be transmitted electronic wirings between and/or among Defendants.

43. Defendants wrongfully took Plaintiffs' property interests and fraudulently induced settlement.

44. Defendants in violation of 18 U.S.C. §§ 1341 and 1343, transmitted, or caused to be transmitted, by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds, and also caused matters and things to be placed in any post office or authorized depository, or deposited or cause to be deposited matters or things to be sent or delivered by a private or commercial interstate carrier, including, but not limited to, the following:

    (a) wirings and/or mailings between and among the Defendants, co-conspirators, other market shareholders and outside vendors;

    (b) electronic filing and service of court papers containing false and misleading statements intended to impede the operation of those courts;

45. Defendants colluded to initiate civil prosecutions of Plaintiffs on the basis of statements and representations the Defendants knew to be false or misleading.

46. The Defendants' false and misleading statements have been relied on by Plaintiff, as well as

this court, which have caused Plaintiffs, and continue to cause Plaintiffs, substantial damages.

47. At all times material to this Complaint, Plaintiffs were engaged in interstate and foreign commerce and in an industry that affects interstate and foreign commerce.

48. Plaintiffs were injured in its business and property because of the Defendants' acts. The injuries to Plaintiffs include but are not limited to damage to the use and enjoyment of its funds, ability to conduct business, reputation and goodwill that were intended for Plaintiffs and their company's business purposes.

49. Further, these injuries to Plaintiffs were a direct, proximate, and reasonably foreseeable result. Plaintiff has been injured in its business and property in an amount to be determined at trial.

## **FOURTH CAUSE OF ACTION**
-Conversion-

50. Plaintiffs repeat and re-allege the foregoing allegations as if fully stated herein.

51. As described hereinabove, Defendants have wrongfully exercised dominion and control over Plaintiff's property, and specifically Plaintiffs' payment in the amount of $75,000, and converted them to their own use and to the use of others.

52. Defendants' actions have deprived Plaintiffs of their right to use their property, and this deprivation is inconsistent with Plaintiffs' ownership of the property.

53. As a result of Defendants' actions, Plaintiffs have suffered substantial economic damages, and Plaintiffs are entitled to recover against Defendants an amount that is presently unknown and will be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered against Defendants as follows:

(1) An award to Plaintiffs in an amount to be determined at trial in this matter in connection with the First Cause of Action for Breach of Settlement/Contract; and

(2) An award to Plaintiffs in an amount to be determined at trial, in connection with the Second Cause of Action for Negligent/Fraudulent Representations; and

(3) An award to Plaintiffs in an amount to be determined at trial, in connection with the Third Cause of Action for Wire Fraud; and

(4) An award to Plaintiffs in an amount to be determined at trial, in connection with the Fourth Cause of Action for Conversion; and

(5) An award to Plaintiffs for punitive damages in an amount of not less than $1,000,000; and

(6) An award to Plaintiffs for costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: September 25, 2019
      New York, New York

Respectfully submitted,

**GULKO SCHWED LLP**

By: */s/  Asher Gulko*
    Asher C. Gulko
    44  Wall Street, Second Floor
    New York, NY 10005
    T: (212) 500-1312
    F: (212) 678-0405
    asher@gulkoschwed.com
    *Attorneys for Plaintiffs*